[No. 16895.   Department One.   April 10, 1922.]

WILLIAM C. KEITH, *Respondent*, v. TSUE CHONG *et al.*, *Appellants*.[1]

BILLS AND NOTES (141)—BONA FIDE PURCHASER—GOOD FAITH—KNOWLEDGE OF DEFECTS—EVIDENCE—SUFFICIENCY. Whether a trade acceptance in consideration of the future delivery of goods was purchased in good faith for value, does not depend so much upon knowledge of circumstances which excite suspicion, as upon the good faith of the purchaser.

Appeal from a judgment of the superior court for King county, Frater, J., entered May 21, 1921, upon findings in favor of the plaintiff, in an action on contract, tried to the court.  Affirmed.

*Riddell & Brackett,* for appellants.

*Poe & Falknor,* for respondent.

PER CURIAM.—The foundation of this action is a trade acceptance, which the plaintiff alleged he purchased before maturity in good faith and for a valuable consideration.  With the indorsement thereon, it is as follows:

[1]Reported in 205 Pac. 834.

Seattle, Wash., March 12, 1920.

$600.00 35 days after sight pay to the order of OURSELVES SIX HUNDRED....................DOLLARS. The obligation of the acceptor hereof arises out of the purchase of goods from the drawer as per invoice of......................... 19....

NORTHWEST M. & GR. CO.

By G. H. DeWolf.

Accepted March 12, 1920.
Payable at First National Bank.
By Tsue Chong
     Louis Pond.
              (Indorsement on back)
              Northwest M. & Gr. Co.
              G. H. DeWolf.

The trial court entered findings, conclusions and judgment for the plaintiff. It is stated by the appellants that "the sole question in controversy upon this appeal is whether the court correctly found from the testimony that respondent, Keith, was a purchaser in good faith for value prior to maturity."

It appears from the evidence that, as between the drawer and acceptor of the instrument, it was given in consideration of the future delivery of goods. It also appears that, after the respondent purchased the instrument and prior to its maturity, a portion of the goods were delivered and accepted by the appellants. The remainder of the goods were not delivered by the seller.

Citing the case of *Gross v. Bennington,* 52 Wash. 417, 100 Pac. 846, to the effect that an indorsee who acquires negotiable paper, knowing the promisor is bankrupt, acquires it with notice of its infirmity, reliance is had in this case upon the testimony to the effect that the respondent knew and admitted that the drawer of the present instrument was bankrupt. But an examination of the proof shows he made that admission with reference to a date some two months after he purchased the instrument. His admission was of a date he talked with the deputy prosecuting attorney concerning a

criminal action against DeWolf, which the deputy prosecuting attorney said was about the middle of May, 1920, some two months after the respondent had purchased the paper in question.

But it seems to us to be needless to discuss all of the features and details of the transaction brought out in the evidence and mentioned in the argument. Essentially they are only questions of fact. In this kind of a case it is not so much a question of knowledge on the part of the indorsee of circumstances that excite suspicion, but the test is, did he act in good faith. *Scandinavian-American Bank v. Johnston,* 63 Wash. 187, 115 Pac. 102. Tested by that rule, an examination of the evidence, in the light of the respect accorded the opinion of the judge who tried the case, satisfies us that the judgment should be, and it is hereby, affirmed.